

## GREG COHEN PROMOTIONS

# EXCLUSIVE BOXING PROMOTIONAL AGREEMENT

This EXCLUSIVE BOXING PROMOTIONAL AGREEMENT (the Agreement) is made and entered into this 2nd day of March, 2021 by and among GREG COHEN PROMOTIONS, LLC, a New Jersey Limited Liability Company, with offices located at 350 Fifth Avenue 68th Floor, New York NY 10118 (hereinafter called "Promoter"), and CARLOS CANIZALES (hereinafter called "Boxer").

WHEREAS Promoter is in the business of promoting professional boxing matches;

WHEREAS Boxer is a professional boxer;

WHEREAS Promoter wishes to enter into an Agreement with Boxer for the exclusive rights to promote Boxer's future bouts as a professional boxer.

WHEREAS Boxer wishes to grant Promoter the exclusive right to promote Boxer's future bouts as a professional boxer;

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed between parties as follows:

***IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT PROMOTER WILL ADVANCE BOXER $60,000 (SIXTY THOUSAND USD) WHICH WILL BE RECOUPABLE BY PROMOTER OFF THE TOP OF THE PURSE FROM FIGHT ONE UNDER THIS AGREEMENT

1.    Boxer hereby grants Promoter the sole and exclusive worldwide right to secure all professional boxing bouts requiring Boxer's services as a professional boxer ("BOUTS") and to promote all such BOUTS during the term hereof.

2.    The original term of this Agreement shall be for THREE (3) years commencing on the date of the first bout after the full execution of this agreement.

a.)    In the event that at any time during the term of this Agreement and any extension thereof, Boxer shall be recognized as a unified world champion in any weight class, either by the WBC, WBA, IBF, WBO, IBO or an equivalent world sanctioning body (any two), then this Agreement shall automatically extend for an additional twenty-four (24) month period after the expiration of the original term, and any extension thereof.

c.)    Upon the expiration of this Agreement or in the event that Promoter exercises the option to terminate this Agreement set forth in Section 8, Boxer grants to Promoter an optional right of exclusive negotiation for one hundred twenty (120) days after the date of expiration or



termination (the "Exclusive Negotiation Period") during which time the parties shall attempt to agree on terms of a new contract. Promoter may, but is not obligated to, exercise such option. Promoter shall indicate whether it has elected to exercise its option for an Exclusive Negotiation Period in its Termination Notice to Boxer or by sending written notice to Boxer no later than thirty (30) days prior to the expiration of the Agreement.

   c.)   Promoter shall have a right of first refusal ("ROFR") in regard to entering into a promotional agreement with Boxer for the duration of the ROFR Period, as defined below. In the event Boxer receives a bona fide third party offer for Boxer's services, Boxer shall forward written notice of same to Promoter, which shall include all relevant terms of the offer. Promoter shall have forty five (45) days from receipt of such written notice to match the offer by sending written notice to such effect to Boxer. In the event Promoter chooses to match the offer, Promoter and Boxer shall enter into an agreement on substantially the same terms and conditions as embodied in the third party offer to Boxer. If Promoter chooses not to match the offer, Boxer shall have the right to enter into an agreement with the third party on the terms and conditions set forth in the notice to Promoter. Any alterations to the terms of the third party offer, or any subsequent bona fide third party offers in the event a given offer is not consummated by entering into an agreement with the offer or, shall be forwarded to Promoter pursuant to the terms herein.

   d.)   For purposes of the paragraph, the ROFR Period shall mean either: (aa.) a period of one year from the date of termination or expiration of this Agreement, or (bb.) in the event the Exclusive Negotiation Period option in paragraph 2d is exercised by Promoter, a period of one year from the expiration of the Exclusive Negotiation Period.

3.   Promoter will use reasonable efforts to promote Boxer in THREE (3) BOUTS in each year of said Agreement.

   a.) In the event Boxer wins the world title of the WBA, WBC, WBO, IBF, IBO or equivalent world sanctioning body, Promoter will use reasonable efforts to promote Boxer in two (2) BOUTS in each year of said Agreement.

4.   Unless otherwise agreed, Promoter will supply Boxer with not less than three (3) round trip airfares to and from the site of each BOUT. Promoter shall provide accommodations (rooms and meals) for three (3) people for each BOUT. Further should Boxer win a world title of the WBA, WBC, WBO and IBF Promoter shall provide Boxer with no less than five (5) round trip airfares to and from the sites of each BOUT, including five (5) hotel rooms and meals for five (5) people for each BOUT. The names of the persons traveling and the dates of travel shall be provided by Boxer to Promoter no later than twenty one (21) days prior to the BOUT, it being understood that in the event Boxer fails to comply with this provision, Boxer shall be responsible for any additional costs incurred by Promoter. It is expressly understood, however, that Promoter shall have no obligation for the cost of long-distance telephone calls, alcoholic beverages, entertainment or similar expenses, all of which shall be borne solely by Boxer and Boxer shall be required to



provide satisfactory credit or cash security to the hotel for such personal expenses. Boxer and his trainers and other persons associated with Boxer at the BOUT are to conduct themselves reasonably while traveling to and from the BOUT and while on or about the site of the BOUT and the site hotel.

5.    Boxer shall box in and otherwise engage in the Bouts arranged by Promoter. Such BOUTS shall be on such dates and at such sites as determined in the sole and absolute discretion of Promoter and against such opponents as mutually agreed upon by Boxer and Promoter. Boxer's approval of opponents shall not be unreasonably withheld.

6.    For purposes of this Agreement, and in satisfaction of its obligations Section three (3) hereof, Promoter shall be deemed to have complied with its obligations with respect to any BOUT if it shall have made an offer to Boxer to promote a BOUT setting forth the name of the opponent and the gross purse to be paid to Boxer, irrespective of whether such Bout actually takes place for any reason other than Promoter's nonperformance.

7.    Boxer's purses for all BOUTS under this Agreement shall be structured as follows:

(a)    Boxer's purse for all four (4) round BOUTS under this Agreement shall be N/A

(b)    Boxer's purse for all six (6) round BOUTS under this Agreement shall be N/A

(c)    Boxer's purse for all eight (8) round BOUTS under this Agreement shall be negotiated in good faith.

(d)    Boxer's purse for all ten (10) round BOUTS under this Agreement that are the **televised main event** on **ESPN, DAZN, FOX Network,** and **SHOWTIME Championship Boxing** shall be negotiated in good faith

(e)    Boxer's purse for all ten (10) round BOUTS under this Agreement that are the **televised main event** on **SHOBOX** and **FOX SPORTS 1** shall be negotiated in good faith

(f)    Boxer's purse for all ten (10) round BOUTS under this Agreement that are not specified in section seven subsections E and F (7e & 7f) shall be negotiated in good faith

(g)    In the event Boxer challenges for the WBA, WBC, WBO or IBF world titles on **ESPN, DAZN, FOX Network** or **Showtime Championship Boxing**, Boxer's purse for any such WBA, WBC, WBO or IBF world title challenge BOUT shall be determined by mutual agreement between Boxer and Promoter and shall be negotiated in good faith



## GREG COHEN PROMOTIONS

(h) In the event Boxer wins the WBA, WBC, WBO or IBF world titles, Boxer's purse for each BOUT in which Boxer is defending any or all of such WBA, WBC, WBO or IBF world titles on **ESPN, DAZN, FOX Network** or **Showtime Championship Boxing**, shall be determined by mutual agreement between Boxer and Promoter & shall be negotiated in good faith

(k) If during the term of this Agreement or any extension hereof, Boxer participates in, or enters into a contract to participate in, a bout that is subject to a purse bid and Promoter is not the successful bidder (a "Purse Bid Bout"), then (1) Promoter shall not be required to pay any purse to Boxer with respect to such Purse Bid Bout, (2) Boxer's purse with respect to such Purse Bid Bout shall be determined in accordance with the winning bid and payable to Boxer by the winning bidder, and (3) Boxer, in consideration for the services rendered hereunder by Promoter, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, shall pay to Promoter an amount equal to thirty (30%) percent of the purse paid to Boxer with respect to such Purse Bid Bout, without respect to whether such Purse Bid Bout occurs during or after the expiration of this Agreement and any extension hereof.

(l)  It is further agreed that for any other BOUT under this Agreement that the purse is not specified in section seven (7), then the amount of the purse shall be mutually agreed upon between Boxer and Promoter & shall be negotiated in good faith

8.      If during the course of this Agreement Boxer should lose any BOUT (1), Promoter shall have the right but not the obligation to rescind this Agreement in Promoter's sole and absolute discretion.

9.      Boxer hereby grants to Promoter all rights required to stage all BOUTS and to sell tickets of admission to all BOUTS to the public for the duration of this Agreement.

10.     Boxer hereby grants to Promoter all the exclusive worldwide right, title and interest in all BOUTS under this Agreement in perpetuity, including all live gate receipts, all site fees, all sponsorship fees, the unrestricted right to telecast, photograph, record or otherwise reproduce all BOUTS and all events immediately preceding and following all BOUTS and between the rounds in any and all media in or by any manner, method, devise (now known or hereafter devised), including without limiting the generality of the foregoing, the unlimited and unrestricted right to telecast all BOUTS by means of live or closed circuit television, paid, subscription, pay per view, internet, free television, broadcast television, cable television, toll television, broadband or video on demand, films and tapes for exhibition in all media all and in languages, whether for theatrical exhibition or for sale, lease or license for home use, including audio-visual cassettes, "EVR", holograms and the unlimited right to deal with any or all the foregoing, and all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the foregoing, and to obtain copyright or similar protection in the United States and all other countries of the world where such protection is available in the name of Promoter or its respective nominee or all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the



## GREG COHEN PROMOTIONS

foregoing, all in such a manner as Promoter in its sole discretion shall determine. Boxer grants to Promoter the right to use in any media the name, likeness and biographical material of Boxer, his trainers and seconds, for the purpose of advertising and promoting all BOUTS and the rights granted hereby, including souvenir programs sold in connection with all BOUTS or any time thereafter. Promoter and its respective licensees or assignees shall have the right to use the name of Boxer, his photograph or other likeness on commercial merchandising tie-ups and advertisements, banners, buttons, posters, souvenir items and all similar products, but only in connection with all BOUTS. All of the rights, privileges, and benefits granted to Promoter by Boxer pursuant to the preceding sentences of this Section are hereinafter referred to as "ancillary rights". Promoter shall be free to assign, license or transfer any or all of the ancillary rights to any person, firm or corporation.

11.     Boxer agrees to the following but is not limited to: no wording, symbols, pictures, designs, name or other advertising or informational material shall appear on the trunks, robe, shoes or other clothing worn by Boxer, his trainers, seconds or assistants during and/or at all bouts without the prior written approval of Promoter. If Promoter does not, in their sole and absolute discretion, grant such approval, Boxer and/or his trainers, seconds or assistants, as the case may be, shall promptly either take corrective action to remove the disapproval material, or shall substitute therefore clothing or equipment provided by Promoter for the duration of this Agreement. Boxer further agrees, but is not limited to: that no wording, symbols, pictures, designs, name or other advertising or informational material relating to any commercial product, service or company, gambling casino or betting service entities (online or otherwise), hotel or television service shall appear on any body part of Boxer or his trainers, seconds or assistants during and/or at all bouts for the duration of this Agreement. **Boxer agrees that in the event Boxer engages in any type of advertising without the explicit prior written approval of Promoter, Boxer's purse for said BOUT will be reduced by eight five percent (85%) of the contracted amount for said bout or Promoter has the right to cancel said BOUT without any further liability to Promoter.**

12.     Boxer hereby agrees that during the original and any extended term hereof, Boxer shall not participate in any bouts other than BOUTS promoted or co-promoted by Promoter and shall not render Boxer's services as a professional boxer to any person, firm or entity other than Promoter, without the prior written consent of Promoter to be given, if at all in Promoter's sole and absolute discretion. Boxer hereby agrees that during the original term and any extended term hereof, Boxer shall not enter into any oral or written agreement with any other promoter and shall not enter into any oral or written agreement to participate in any boxing matches without the prior written consent of Promoter to be granted, if at all, in Promoter's sole and absolute discretion.

13.     Boxer acknowledges that Boxer's services as a professional boxer are special, unique, extraordinary, irreplaceable and of peculiar value, and that in the event of Boxer's breach or threatened breach of this agreement, Promoter would suffer irreparable damage which could not reasonably or adequately be compensated by an action at law.  Accordingly, Boxer expressly



## GREG COHEN PROMOTIONS

agrees that in the event of such breach or threatened breach, Promoter shall be entitled, in addition to all other rights and remedies available to it, to obtain equitable relief, including but not limited to an injunction against such breach in any court of competent jurisdiction, and that Boxer will not assert as a defense in any such action that Promoter has an adequate remedy at law.

14.     Boxer warrants and represent to Promoter that Boxer is free to enter into this Agreement and has not hereafter enter into any contract agreement or understanding whether oral or written, which conflicts in any material respect with the provision hereof or which purports to grant similar or conflicting rights to any person, firm or entity other than Promoter, or which would or might interfere with Boxer's full and complete performance hereunder or the free or unimpaired exercise by Promoter of any of the rights granted to Promoter under this Agreement.

15.     Boxer further acknowledges that Promoter is entering into this Agreement in reliance upon the foregoing warranties and representations, and Boxer agrees to indemnify and hold Promoter, Promoter's officers, directors, shareholders, agents, employees, attorneys, successors and assigns harmless from and against any and all liability, cost, or expense, including reasonable attorney's fees, it may sustain or incur as a result of the breach or inaccuracy of any of Boxer's warranties and representations and any dispute involving, including but not limited to, agent, managerial, advisory, promotional rights or any contract agreement. Further, in the event Promoter should be named as a party in any dispute for which Boxer is obligated to indemnify Promoter, Promoter's officers, directors, shareholders, agents, employees, attorneys, successors and assigns, including but not limited to any dispute involving, including but not limited to, agent, managerial, advisory, promotional rights or any contract agreement, Boxer and manager agree to indemnify and hold Promoter, Promoter's officers, directors, shareholders, agents, employees, attorneys, successors and assigns harmless, and any cost, expenses or attorney fees incurred by Promoter may be offset by Promoter against Boxer's purses in Promoter's sole and absolute discretion.

16.     Promoter further acknowledges that Boxer is entering into this Agreement in reliance upon the foregoing warranties and representations, and Promoter agrees to indemnify and hold Boxer harmless from and against any and all liability, cost, or expense, including reasonable attorney's fees, Boxer may sustain or incur as a result of the breach of inaccuracy of any of said warranties and representation.

17.     If at any time during the term hereof Promoter shall offer to promote a BOUT for Boxer and Boxer shall refuse such Bout, or attempt to cancel or postpone such BOUT, for reason of a claimed injury or other medical disability, Promoter shall have the right, but not the obligation, to have Boxer examined by a medical doctor from the any recognized State or Tribal Athletic Commission, and if Promoter so elects, Boxer shall appear for such examination on two (2) days notice at Promoter's expense.



## GREG COHEN PROMOTIONS

18.     In the event Boxer becomes permanently or partially disabled or refuse a BOUT during the term of this Agreement, Promoter shall have the right to either extend the term hereto by the period of such disability or refusal or to terminate this Agreement upon notice to Boxer and manager without any liability or obligation to Boxer. At Promoter's sole discretion this Agreement may be suspended during the period of Boxer's temporary retirement, if any, but shall become fully operative if and when Boxer resumes Boxer's professional boxing career and the term hereof shall be extended by the length of such suspension.

19.     Nothing herein contained shall be construed to constitute Boxer as an employee of Promoter, and Promoter shall have no financial interest in any compensation payable to Boxer for engaging in any Bout hereunder. Boxer shall remain an independent contractor, responsible for Boxer's own actions and expenses, provided such expenses are not required to be paid by Promoter under the terms and conditions of this Agreement.

20.     Nothing herein shall prevent Promoter from engaging in promotion activities for any other professional boxer, including others in the same weight class as Boxer. However, Promoter will use its best efforts to have the Boxer rated with the WBA, WBC, IBF, and WBO and will promote Boxer's image and profile through a public relations effort. Promoter will reasonably notify Boxer of any public relations efforts on behalf of Boxer.

21.     Boxer may not assign this Agreement or any of his respective obligations and rights hereunder without Promoter's prior written consent, to be given if at all, in Promoter's sole and absolute discretion.

22.     This Agreement shall be governed and construed under the laws of the state of Iowa notwithstanding any choice of law principles. All disputes under this agreement will be worked out through the New York court system. It is expressly agreed that the venue for all disputes will be New York under the laws of the state of Iowa.

23.     **Boxer and Promoter hereby agree and consent to exclusive personal jurisdiction in New York, NY USA, and agree that all claims that arise under or in any way relate to the agreement, the inducement, or performance thereof, shall be commenced and tried in New York. Boxer acknowledges that his agreement and consent to exclusive jurisdiction in New York, NY as to where he may sue or be sued with regard to any claims arising out of or relating to this Agreement is material consideration to Promoter to entering into this Agreement. Boxer further consents and agrees that service of process upon it may be effected pursuant to personal delivery or certified or registered mail, return receipt requested, at the address set forth for notices to such party in Section twenty seven (27) herein or by any other method of service acceptable under the laws of the State of IOWA and expressly waives the benefit of any contrary provision of foreign law.**

24.     **Promoter shall, at its expense, have the right, at its election, to obtain life or other insurance upon Boxer in such amounts as it may determine, including but not limited to,**



## GREG COHEN PROMOTIONS

insurance against the failure of Boxer to appear and to participate in a bout and Boxer agrees to cooperate and make himself available to Promoter for a complete physical to obtain such life or other insurance within seventy two (72) hours.

25.     Except to the extent required in connection with the rendering of professional services in connection with this Agreement, the parties shall keep the existence, terms and conditions of this Agreement strictly confidential.  This covenant shall extend to the employees, agents, representatives and principals of the parties.  For purposes of this Agreement, Boxer's breach of the terms of this Section shall be deemed a material breach of this Agreement.

26.     This Agreement sets forth and integrates the entire understanding between Boxer and Promoter and supersedes any and all prior or contemporaneous written or oral agreements or representations between us. It may not be altered, amended or discharged except by a subsequent writing signed by the parties hereto.

27.     Any and all notice required or desired to be given hereunder shall be in writing sent by facsimile transmission, electronic transmission, by postage prepaid by certified mail, return receipt requested, prepaid telegram, Express Mail, United States postal services or by Federal Express addressed as follows:

TO PROMOTER:
GREG COHEN PROMOTIONS, LLC
350 Fifth Avenue
New York NY 10118
Phone: (212) 851-6425
Email: gcohen@gcpboxing.com

TO BOXER
CARLOS CANIZALES
Address:

Phone: +5076438 3991
Email: gilberticowba@wbaboxing.com

Three days after the date of mailing or delivery to the telegraph office shall be deemed to constitute the date of service of any such notice.  If sent by facsimile transmission, electronic transmission or personally delivered, the date of service shall be considered the date sent or delivered.

28.     This Agreement requires that Boxer be legally permitted to fight within the United States of America. If Boxer should not be legally permitted to fight within the United States of America, the period of his ineligibility shall be deemed a disability and this Agreement shall be extended until his eligibility is re-established.

29.     In the event that any paragraph or portion of this Agreement is determined to be unconstitutional, unenforceable or invalid, such paragraph or portion of this Agreement shall be stricken from and construed for all purposes not to constitute a part of this Agreement, and the remaining portion of this Agreement shall remain in full force and effect and shall, for all purposes, constitute this Agreement.



**GREG COHEN PROMOTIONS**

30.     All parties hereto acknowledge that they have had the benefit of independent counsel with regard to this Agreement and that this Agreement has been prepared as a result of the joint efforts of all parties and their respective counsel.  Accordingly, all parties agree that the provisions of this Agreement shall not be construed or interpreted for or against any party hereto based upon authorship.

31.     This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same instrument.

32.     The rights and obligations hereunder shall be binding upon and inure to the benefit of the parties hereto, their heirs, successors, administrators, and assigns (where assignment is permitted).  The use of any gender shall be deemed to refer to the appropriate gender, whether masculine, feminine or neuter, and the singular shall be deemed to refer to the plural where appropriate, and vice versa.

33.     The failure of any party hereto to enforce any provision of this Agreement shall not be construed to be a waiver of such or any other provision, nor in any way to affect the validity of all or any party of this Agreement or the right of such party thereafter to enforce each and every such provision.  No waiver of any breach of this Agreement shall be held to constitute a waiver of any other or subsequent breach.



**GREG COHEN PROMOTIONS**

If the foregoing accurately and completely sets forth the understanding between us, kindly indicate your acceptance below.

**AGREED AND ACCEPTED:**

BY: _____

CARLOS CANIZALES
BOXER

GREG COHEN PROMOTIONS, LLC
A NEW JERSEY LLC

BY: _____

GREGORY D. COHEN
CEO GREG COHEN PROMOTIONS