**EXHIBIT - P**

| | |
|---|---|
| **From:** | Greg Cohen <gcohen@colonialventuresllc.com> |
| **Sent:** | Sunday, October 3, 2021 11:46 PM |
| **To:** | Barry Honig |
| **Subject:** | Fwd: Amendment to Contract v3.docx |
| **Attachments:** | Amendment to Contract-Signed.pdf |

See below & attached

Gregory D. Cohen
(973) 699-4714 (C)
(212) 851-6425 (W)
Sent from my iPhone

Begin forwarded message:

> **From:** George Warren <george@frankwarrensqp.com>
> **Date:** October 2, 2021 at 2:44:38 PM EDT
> **To:** Gcohen <gcohen@gcpboxing.com>
> **Subject: Re: Amendment to Contract v3.docx**
>
> Greg - see signed document attached.
>
> Many thanks,
>
> George
>
> ---
>
> **From:** Gcohen <gcohen@gcpboxing.com>
> **Sent:** Thursday, September 30, 2021 3:15 PM
> **To:** George Warren <george@frankwarrensqp.com>
> **Subject:** Amendment to Contract v3.docx
>
> George, please see document attached with the edits you requested. Please review and if acceptable please send back signed. Thank you
>
> Gregory D. Cohen
> (973) 699-4714 (C)
> (212) 851-6425 (W)
> Sent from my iPhone

## AMENDMENT TO AGREEMENTS BETWEEN BULLDOG BOXING PROMOTIONS LLC AND QUEENSBURY PROMOTIONS LTD.

**THIS AGREEMENT** (the "**Amendment**") is entered into as of the __ day of September, 2021, between and among, Bulldog Boxing Promotions LLC, with an address at 25B Spring Street, Millburn, New Jersey 07041 ("Bulldog") and Queensbury Promotions Ltd., company number 73591 Turnford Pl., Turnford, England, EN10 6NH ("Queensbury")

### WITNESSETH:

**WHEREAS**, on or about March 5, 2021, Bulldog and Queensbury entered into an agreement (the "Agreement") regarding the co-promotion and profit sharing for certain bouts, including bouts of professional boxer Daniel Dubois ("Dubois"); and

**WHEREAS**, in connection with the Agreement, Queensbury owes certain funds to Bulldog relating to its obligations under the Agreement in the amount of $350,000, with such funds being overdue and unpaid; and

**WHEREAS**, Bulldog and Queensbury entered into a settlement agreement dated July 13, 2021 (the "Settlement Agreement") to resolve outstanding fees due and owing from Queensbury to Bulldog; and

**WHEREAS**, Queensbury failed to make payment of the funds owing to Bulldog pursuant to the Settlement Agreement; and

**WHEREAS**, the parties have negotiated a resolution of the unpaid amounts due under the Settlement Agreement and have agreed to enter into this Amendment which shall modify and amend both the Agreement and the Settlement Agreement; and

**WHEREAS**, the Parties hereto seek to memorialize the terms of their agreement by this writing.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, and intending to be mutually bound, it is herein agreed as follows:

1. **Incorporation of Recitals**. All of the above recitals are hereby incorporated herein and made part of this Agreement.

2. **Acknowledgments, Representations, Warrants and Covenants by Queensbury**

(a) Queensbury acknowledges the validity of the Agreement and the Settlement Agreement and waives any defenses to the enforcement of such agreements.

(b) Queensbury acknowledges that it is indebted to Bulldog in the amount of $350,000 due and owing as memorialized in the Settlement Agreement and that such indebtedness is due to Bulldog by Queensbury without any defense, offset, right of setoff, counterclaim or claim of recoupment whatsoever (the "Indebtedness"); and

3. **Terms of Amendments**

a. Bulldog shall be entitled to receive 50% of the Net Profits relating to each of the next 3 Dubois bouts; 40% on the fourth Dubois bout and 35% on the fifth Dubois bout. Such payment of Net Profits shall be as co-promotor of such bouts, and shall include, without limitation, income derived from all sources, and as further expanded in the definition of Net Profits contained in Article 4 of the Agreement (the 5 bouts collectively hereinafter referred to as the "Dubois Bouts"). Queensbury further agrees that the Dubois Bouts may only be scheduled with the consent of Bulldog, including the selection of any opponent and the fight arrangements. In the event that Queensbury wishes to proceed forward with scheduling any Dubois fight that has not been consented to by Bulldog, Bulldog shall have the right to opt-out of such Dubois fight--and such fight shall not count toward the 5 Dubois Bouts for which Bulldog is to co-promote and receive payment of Net Profits.

b. Bulldog shall be deemed to be the co-promotor of the Dubois Bouts. Notwithstanding, all expenses relating to Dubois Bouts, including all promotional expenses, shall be solely and exclusively the responsibility of Queensbury. Queensbury represents and warrants that Dubois has consented to such co-promotional arrangement for the Dubois Bouts.

c. All expenses relating to any of the Dubois Bouts shall be approved by Bulldog in advance and in writing such that Net Profits shall be calculated prior to any bout. Bulldog's 50% share of the Net Profits shall be paid to Bulldog directly by the broadcast partner (including any television, cable or other broadcaster) and by the box office, and Queensbury shall provide written instructions directing these funds, and any other funds to which Bulldog is entitled under this Amendment relating to such bouts, to be paid to Bulldog directly (the "Bulldog Share"). Written letters of instruction shall be sent to such entity/person at least 30 days in advance of each of the Dubois Bouts instructing direct payment to Bulldog.

d. Upon the satisfaction of the foregoing, Bulldog agrees to forgive the Indebtedness owing by Queensbury.

e. For purposes of clarify, the Amendment, as well as any continued performance under the Agreement or the Settlement Agreement, shall be governed by and construed in accordance with the laws of the State of Jersey without reference to principles of conflicts of laws. The parties hereto each consent to the exclusive jurisdiction over any disputes relating to or arising from the Amendment, the Agreement or the Settlement Agreement in the Federal and State Courts located in New Jersey, Essex County.

f. Paragraph 9 of the Agreement is hereby deleted in its entirety.

g. All other terms of the Agreement and Settlement Agreement not otherwise modified herein, shall remain in full force and effect. The terms of the Amendment shall supersede the Agreement and Settlement Agreement in the event of any inconsistency.

4. **Amendments and Waivers**.

(a) This Amendment cannot be modified, amended, altered, waived, changed or discharged, either orally or by course of dealing between the parties. This Amendment can only be amended by a written agreement, executed on behalf of the party against whom enforcement of any such waiver, change, modification or discharge is sought.

(b) Any rights or remedies provided for in this Agreement may be exercised singly

or concurrently, as such party may elect.

    5.    **Construction/Captions/Severability/Etc.**

    (a)    Any provision hereof which shall be determined by competent authority to be prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability, without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction. Any such provision may be blue-lined by a court of competent jurisdiction to give effect to the intent of the parties herein.

    6.    **Waiver of Jury Trial**. THE PARTIES HERETO HEREBY WAIVE THEIR RIGHT TO A TRIAL BY JURY IN ANY LITIGATION RELATING TO THE SUBJECT MATTER HEREOF AND/OR TO THE AGREEMENTS, DOCUMENTS AND INSTRUMENTS OF ANY PARTY EVIDENCING, SECURING AN/OR GOVERNING THE OBLIGATIONS OF PARTIES.

    7.    **Further Assurances**. Queensbury hereby agrees to execute and deliver any and all additional documents requested by in order to effectuate the terms of this Amendment including, but not limited to written directions to all persons necessary to provide direct payment to Bulldog of the Bulldog Share.

    8.    **Counterparts**. This Amendment may be executed in counterparts, each of which will be deemed an original document, but all of which together shall constitute but a single document. For the purposes of this Agreement, faxed and/or emailed copies shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have set their hands and seals and/or caused this Amendment to be signed by their proper corporate or company officers or representatives effective the day and year first written above.

| QUEENSBURY PROMOTIONS LTD LLC | BULLDOG BOXING PROMOTIONS |
|---|---|
| By: _____[signature]_____<br>George Warren, CEO | By: _____ |