

605 Third Avenue New York, NY 10158   PHONE 212.953.6000   FAX 212.953.6899   www.katskykorins.com

WRITER'S DIRECT DIAL | 212.716.3229
WRITER'S DIRECT FAX | 646.219.1757
WRITER'S EMAIL | abellin@katskykorins.com

September 27, 2023

**Via ECF**

Hon. Julien Xavier Neals, U.S.D.J.
U.S. District Court, District of New Jersey
MLK Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: Honig v. Cohen, Civ. Action No. 23-cv-11104-JXN-JBC

Dear Judge Neals:

    We represent the Plaintiffs in the above-referenced matter and write in response to the letter of two of the three Defendants, Gregory Cohen ("Cohen") and Greg Cohen Promotions, LLC ("GCP"), asserting that the Court lacks subject matter jurisdiction.

    At the outset we note that Cohen and GCP's counsel has mischaracterized our position and the interactions to date between counsel. GCP has not in fact "established that there is no diversity jurisdiction." (Dkt. 6 at 1). And, contrary to what GCP suggests, Plaintiffs would agree to transfer this action to New York if Defendants, including Bulldog Boxing Promotions LLC ("BBP"), agree that the currently asserted claims belong there. However, as of this writing BBP has not yet appeared and its response is not due until October 11, 2023.[1] As further set forth below, we ask that Plaintiffs be given 21 days following BBP's appearance to advise the Court whether Plaintiffs wish to (i) seek transfer/dismissal in favor of New York, (ii) drop GCP and/or amend to cure any potential jurisdictional issue, or (iii) stand on the current complaint and litigate whether diversity jurisdiction exists.

    By way of background, this is a diversity action for breach of contract and for fraud. Cohen is a boxing promoter who lives in New Jersey and the two entity defendants are New Jersey-organized LLCs through which he has conducted his promotion business. There is no serious dispute that the Court has personal jurisdiction over all three defendants. Acting through these entities, Cohen has breached agreements – which he personally guaranteed – to repay Plaintiffs. Cohen also defrauded Plaintiffs by misrepresenting the

---

[1] All three defendants were served on September 20, 2023. Dkt. 7, 8, 9 (Affidavits of Service).

# KATSKY | KORINS LLP

purpose of payments which Cohen claimed would be used to finance boxers and their expenses but in reality were used for Cohen's personal purposes and/or other illicit purposes.[2] Some, but not all, of the claims in the case arise under an agreement known as the Standstill Agreement, which contains a New York forum-selection clause.

After we served the amended complaint, Cohen and GCP's counsel told us that GCP (despite being controlled by Cohen) has two members who are citizens of Florida, which is also the state of Plaintiffs' citizenship. While we recognize that a limited liability company has the citizenship of all of its members, **counsel has not established that GCP has members with Florida citizenship**. A mere two days before he sent his letter to the Court, counsel provided us with K-1s purportedly issued by GCP in *October 2022* for the *2021 tax year* to one Stuart Kudman and one Brett Richman, in each case at a Florida address. On their face, the K-1s are approximately two years out of date. We understand that Mr. Kudman has an active law practice in New York City,[3] raising questions at a minimum about whether Mr. Kudman is in fact currently a Florida domiciliary. We have requested from counsel, but not received, **competent evidence** that these individuals are (i) Florida domiciliaries and (ii) current members of GCP – for example, a sworn affidavit from each individual attesting to those facts. It is worth remembering that GCP's principal, Cohen, is apparently a prolific if not compulsive forger of documents. *See* footnote 2 above. To the extent that the case is not transferred and GCP moves to dismiss for lack of subject matter jurisdiction, Plaintiffs would need jurisdictional discovery to obtain competent evidence of the domicile of any asserted Florida members and of their *current* membership in GCP.

We believe, however, that any motion practice over GCP's citizenship and the existence of diversity jurisdiction would be premature at this time. For one thing, as Cohen and GCP point out, one of the contracts between the parties contains a New York forum selection clause. Plaintiffs are amenable to pursuing their claims in New York but would prefer not to have to litigate simultaneously in multiple jurisdictions. Counsel for Cohen and GCP has stated that he believes BBP would consent to forum in New York, but BBP has not yet appeared, much less given us its position on venue in New York. (GCP and Cohen have thus far equivocated as to whether they would consent to New York venue for claims not arising under the Standstill Agreement.)

---

[2] The Complaint was filed on August 25, 2023. Shortly after it was filed, a third party discussed in the original Complaint came forward to inform Plaintiffs that documents appended as exhibits to the original Complaint were forgeries, and that Plaintiffs' allegations premised on the authenticity of these documents were inaccurate. The forgeries, it is now clear, were created or directed by Cohen, and seem to have been designed to prevent Plaintiffs from uncovering a separate, earlier forgery that Cohen committed to deceive Plaintiffs. Once we became aware of this bizarre sequence of events (which is recounted at paragraphs 144-156 of the First Amended Complaint ("FAC"), Dkt. 5), we filed the FAC in order to correct the record. Additionally, since the commencement of this action, additional individuals have approached Plaintiffs to inform them that Cohen has deceived them or their organization, too, including by apparently fabricating yet other documents.

[3] Mr. Kudman's web page is https://kudmanlaw.com/the-team/stuart-r-kudman/. The firm's sole office is in New York, NY. Mr. Kudman is authorized to practice law solely in New York and New Jersey, not Florida.

KATSKY | KORINS LLP

      Even if Defendants do not consent to a transfer, or a complete transfer, to New York, dismissal still would not be the appropriate remedy for curing any subject-matter jurisdiction defect (assuming GCP is in fact to shown to have Florida citizenship). For one thing, Cohen is directly personally liable as a co-obligor on the principal contracts between Plaintiffs and GCP. *See* FAC Ex. A, Dkt. 5-1, Section 2(d); *id*. Ex. B, Dkt. 5-2. As a result, the claims under those contracts can proceed against Cohen alone; GCP is not even a necessary party under Rule 19(a), let alone an indispensable one under Rule 19(b). *E.g.*, *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993). We may therefore decide to simply drop GCP. *See* Fed. R. Civ. P. 21. Additionally, given that Cohen, acting through both GCP and BBP, has apparently defrauded, through criminal behavior, not just Plaintiffs but others who have been coming forward (*see* footnote 2 above) – suggesting a pattern of racketeering activity – Plaintiffs are evaluating whether to assert federal RICO claims against Defendants. Asserting RICO claims would of course supply an independent basis for the Court's subject matter jurisdiction (namely federal-question jurisdiction under 28 U.S.C. § 1331).[4]

      In sum: any motion practice surrounding subject-matter jurisdiction and venue would be premature at this time. Any further steps should wait until BBP has appeared and clarified its position on venue. We ask that Plaintiffs be given 21 days from the date on which BBP files an appearance to advise the Court whether Plaintiffs wish to (i) seek transfer/dismissal in favor of New York, (ii) drop GCP and/or amend to cure any potential jurisdictional issue, or (iii) stand on the current complaint and litigate whether GCP is diverse from Plaintiffs.

      Respectfully submitted,

      /s/ Aytan Y. Bellin

      Aytan Y. Bellin

---

[4] While Plaintiffs have already used up their amendment as of right, *see* Fed. R. Civ. P. 15(a)(1), they did so to correct inaccurate allegations resulting from Defendants' forgeries. Given the liberal federal policy favoring amendment, *see* Fed. R. Civ. P. 15(a)(2), there would be an exceptionally strong case for allowing a further amendment to cure a jurisdictional defect and/or to assert claims based on new information.

658853-1

**KATSKY | KORINS** LLP

        Of counsel (*pro hac vice* applications forthcoming):

            Daniel Walfish
            Rachel Penski Fissell
            Katsky Korins LLP
            605 Third Avenue
            New York, NY 10158
            212-716-3293
            dwalfish@katskykorins.com

        *Counsel for Plaintiffs*