# KATSKY | KORINS LLP

605 Third Avenue New York, NY 10158   PHONE 212.953.6000   FAX 212.953.6899   www.katskykorins.com

WRITER'S DIRECT DIAL | 212.716.3229
WRITER'S DIRECT FAX | 646.219.1757
WRITER'S EMAIL | abellin@katskykorins.com

November 1, 2023

**Via ECF**

Hon. Julien Xavier Neals, U.S.D.J.
U.S. District Court, District of New Jersey
MLK Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re: Honig v. Cohen, Civ. Action No. 23-cv-11104-JXN-JBC

Dear Judge Neals:

      We represent the Plaintiffs in the above-referenced matter. Pursuant to the Court's Order (Dkt. 11), we write to request that the Court either (a) dismiss the case without prejudice or (b) transfer the case to the Southern District of New York (after dropping the purportedly non-diverse defendant).

      The Court will recall that, when we last wrote to the Court on September 27 (Dkt. 10) in response to the letter of Defendants Cohen and GCP seeking permission to file a motion to dismiss based on an asserted lack of subject matter jurisdiction, we informed the Court that (i) the time for Defendant Bulldog Boxing Promotions LLC ("BBP") to appear had not yet lapsed, (ii) GCP had informed us (but failed to establish with competent evidence) that it is a citizen of Florida in addition to New Jersey, which, if true, would defeat diversity jurisdiction given Plaintiffs' Florida citizenship, and (iii) GCP and Cohen had equivocated as to whether New York was the proper venue to the extent that any claims in the First Amended Complaint arguably do not arise from the Standstill Agreement between the parties, which contains a forum selection clause choosing New York. We therefore asked for additional time so that we could learn BBP's position and evaluate the best way to proceed. Since then, despite having been served, BBP (which we understand to be controlled by Cohen, just as GCP is) still has not appeared in the action, GCP continues to refuse to provide us with competent evidence that it currently has Florida members, and Cohen and GCP still decline to state whether they would consent to a New York venue for the entirety of the case.

      To avoid an unnecessary fight over diversity jurisdiction, Plaintiffs are prepared to proceed in federal court without GCP. Defendant Cohen is directly personally liable as a

**KATSKY | KORINS** LLP

co-obligor with GCP on the principal contracts between Plaintiffs and GCP. *See* FAC Ex. A, Dkt. 5-1, Section 2(d). GCP is therefore neither a necessary nor an "indispensable" party. *See, e.g.*, *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993); *see also Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) ("Rule 19 does not mandate the joinder of joint obligors"). Dropping GCP will moot any question about subject matter jurisdiction. Further, the Court can drop any party at any time. Fed. R. Civ. P. 21; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").

As to venue, Plaintiffs believe that the most efficient approach would be for all of their claims against Defendants Cohen and BBP to be heard in a single action. But, as noted, Cohen has so far stated only that he would consent to New York venue for at least *some* claims asserted in the First Amended Complaint. Dkt. 6 (Cohen: "any claims arising from the Standstill Agreement would be required to be filed in" a New York court). And BBP has not appeared at all, let alone given us its position on venue. Given that the parties selected New York venue in the Standstill Agreement, Plaintiffs are prepared in the first instance to litigate all of their claims in the Southern District of New York, recognizing that, if Defendants successfully challenge personal jurisdiction or venue on any of Plaintiffs' claims, Plaintiffs will likely be forced to re-file such claims in this Court (where personal jurisdiction is not open to dispute).[1]

In light of the above, Plaintiffs respectfully request that the Court either (a) dismiss the action without prejudice to allow Plaintiffs to re-file the action in New York (and subsequently to re-file a sub-set of their claims here if that becomes necessary), or (b) drop GCP as a defendant pursuant to Fed. R. Civ. P. 21 and thereafter transfer the case, pursuant to 28 U.S.C. § 1404(a), to the Southern District of New York.

---

[1] We note that the forum selection clause in the Standstill Agreement is worded quite broadly and arguably captures most if not all of the claims currently asserted in the operative complaint. Of course, we don't know whether Cohen agrees on that point: he has declined to say.

KATSKY | KORINS LLP

> Respectfully submitted,
>
> /s/ Aytan Y. Bellin
>
> Aytan Y. Bellin
>
> Of counsel (*pro hac vice* applications pending):
>
>> Daniel Walfish
>> Rachel Penski Fissell
>> Katsky Korins LLP
>> 605 Third Avenue
>> New York, NY 10158
>> 212-716-3293
>> dwalfish@katskykorins.com
>
> *Counsel for Plaintiffs*